UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLARENCE MATHEWS,**

    **Plaintiff,**

v.                                   Case No.  8:05-cv-1885-T-30TBM

**LARGO POLICE DEPARTMENT,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Largo Police Department's Motion to Dismiss (Dkt. 4) and Plaintiff's Response in Opposition to the same (Dkt. 5).  For the reasons set forth below, this Court finds that Defendant's Motion is **GRANTED**:

## BACKGROUND

Plaintiff, a Florida State prisoner proceeding *pro se*, has filed a civil rights complaint against Defendant Largo Police Department alleging that his rights under the 14th Amendment to the United States Constitution and Article 1 Sections 2 and 9 of the Florida State Constitution were violated when the Largo Police Department destroyed DNA obtained, but not admitted into evidence, during the prosecution of Plaintiff in October 1989 for kidnaping, robbery, and sexual battery.[1]  Plaintiff has also alleged Defendant acted with malicious purpose and in bad faith when it destroyed the DNA (Dkt. 2 at 4) and that the

---

[1] Plaintiff was convicted on all charges. Plaintiff was also charged and convicted of obstructing an officer (Dkt. 5 at 14).

destruction of the DNA was the proximate cause of Plaintiff's Fla. R. Crim. P. 3.852(a) Motion being denied. Id.  Defendant states three grounds for dismissal: (1) Largo Police Department is not the proper defendant as it does not have the capacity to be sued or to sue; (2) Count I of the Complaint fails to state a cause of action as Plaintiff has failed to either allege a deprivation of substantive rights or plead the required elements for a procedural due process claim; and (3) Count II fails to state a cause of action as Plaintiff has not plead any recognizable tort, and Largo Police Department is protected by the doctrine of sovereign immunity as Plaintiff has failed to allege facts necessary to trigger the provisions of Fla. Stat. §768.28 (2005).

## **DISCUSSION**

This Court agrees with Defendant that Largo Police Department is not the proper defendant in this suit.  "Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit." Eddy v. City of Miami, 715 F. Supp 1553, 1556 (S.D. Fla. 1989).  See also Florida City Police Department v. Concoran, 661 So.2d 409, 410 (Fla. 3d DCA 1995). However, even if Largo Police Department could be sued, Plaintiff's Complaint would still be subject to dismissal. Plaintiff has not alleged the deprivation of any right protected by either the state or federal Constitutions.  The maintenance of DNA, particularly for 15 years, is not a right guaranteed under either Constitution.  As such, Count I of Plaintiff's Complaint fails to state a cause of action.

Similarly, Count II fails to state a cause of action as it contains no allegations of a recognizable tort. To the extent Plaintiff asserts the destroyed DNA belongs to him, he has failed to allege a conversion claim or any tort dealing with the destruction of property. Moreover, no duty is created either by statute or common law, which requires municipal agencies to maintain DNA.

Plaintiff's Complaint is deficient both in form and substance; deficiencies which amendments cannot cure.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

3. All pending motions are **DENIED AS MOOT** and the Clerk is directed to Close this Case.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1885 Motion to Dismiss Prisoner Civil Rights Claim.frm