**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CLARENCE MATHEWS,

    Plaintiff,

-vs-                                                                                        Case No.  8:05-CV-1885-T-30TBM

LARGO POLICE DEPARTMENT,

    Defendant.

_____/

## ORDER

This matter comes before the Court upon receipt of Plaintiff's Motion for Certification of Appealability (Dkt. 14), which the Court construes as a notice of appeal (Dkt. 15) of the December 6, 2005 order granting Defendant's Motion to Dismiss Plaintiff's civil rights complaint, *see* Dkt. 8, and an Affidavit of Indigency in which he seeks leave to proceed on appeal *in forma pauperis* (Dkt. 16).

Plaintiff cites 28 U.S.C. § 2253(c)(3)[1] as legal authority for his request for issuance of a certificate of appealability. Because Plaintiff is seeking review of the dismissal of a civil complaint, his appeal is governed by the Federal Rules of Appellate Procedure. Section 2253 is only applicable to the review of habeas corpus petitions and proceedings filed

---

[1] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph 2." 28 U.S.C. § 2253(c).

under 28 U.S.C. § 2255.  Since the requirement for a certificate of appealability is not applicable to civil rights cases, the Motion for Certification of Appealability will be denied.

Notwithstanding his apparent indigent status, Plaintiff has no absolute right to appeal *in forma pauperis*. His ability to appeal without prepayment of fees and costs is conditioned by 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.*; *see also Busch v. County of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997); *DeSantis v. United Technologies Corp.*, 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in good faith when it fails to "seek[ ] appellate review of any issue that is not frivolous"), *aff'd*, 193 F.3d 522 (11th Cir. 1999); *United States v. Durham*, 130 F.Supp. 445 (D.C. D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.*, 113 F.Supp. 281 (D.C. N.J. 1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *United States v. Gicinto*, 114 F.Supp. 929 (W.D. Mo. 1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding); *see generally Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (action is frivolous for § 1915 purposes if it is without arguable merit either in law or in fact); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (same); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (case is frivolous for IFP purposes if, at any stage of the proceedings, it appears plaintiff "has little or no chance of success").

Upon review of the order from which Plaintiff appeals, the Court readily concludes that he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). The Court finds, therefore, that the instant appeal is not taken in good faith, it is plainly frivolous, and Plaintiff has little or no chance of success. Plaintiff is, therefore, ineligible for *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a).

ACCORDINGLY, the Court **ORDERS** that:

1. The Motion for Certification of Appealability (Dkt. 14) is **DENIED**.

2. The request to proceed on appeal *in forma pauperis* (Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on February 22, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA/jsh